IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ubong Christopher Ubokudom

JuJu (minor),

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Target Corporation

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:     ☒ Yes     ☐ No
                *(check one)*

RCVD - USDC COLA SC
OCT 14 '25 PM 2:57

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ubong Christopher Ubokudom |
| Street Address | P.O. Box 1594 |
| City and County | Columbia, Richland |
| State and Zip Code | South Carolina 29202 |
| Telephone Number | 248-952-7833 |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Target Corporation |
| Job or Title (if known) | |
| Street Address | 2 Office Park Court Suite 103 |
| City and County | Columbia, Richland |
| State and Zip Code | South Carolina , 29223 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |

## I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: JuJu (Minor)

Street: Plaintiff is a minor. I prefer not to provide this information to protect the plaintiff.

City and County: Plaintiff is a minor. I prefer not to provide this information to protect the plaintiff.

Telephone: Plaintiff is a minor. I prefer not to provide this information to protect the plaintiff.

|                       |     |
| --------------------- | --- |
| Job or Title (if known) | _____ |
| Street Address        | _____ |
| City and County       | _____ |
| State and Zip Code    | _____ |
| Telephone Number      | _____ |

Defendant No. 4

|                       |     |
| --------------------- | --- |
| Name                  | _____ |
| Job or Title (if known) | _____ |
| Street Address        | _____ |
| City and County       | _____ |
| State and Zip Code    | _____ |
| Telephone Number      | _____ |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐  Federal question            ☒  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

_____

_____

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Ubong Christopher Ubokudom, is a citizen of the State of *(name)* South Carolina.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation

    The defendant, *(name)* Target Corporation, is incorporated under the laws of the State of *(name)* Minnesota, and has its principal place of business in the State of *(name)* Minnesota. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3.  The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

The items that were consumed by the plaintiffs were defective and unreasonably dangerous. The defendant discriminated against the plaintiffs due to their race and limited their ability to purchase items that were not defective. The defendant's misconduct caused the plaintiffs' to experience physical, emotional, and mental injury.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attachment

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attachment

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __10/14/__, 20__25__

Signature of Plaintiff      _[signature]_
Printed Name of Plaintiff   Ubong Christopher Ubokudom, JuJu (Minor)

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney      _____
Printed Name of Attorney   _____
Bar Number                 _____
Name of Law Firm           _____
Address                    _____
Telephone Number           _____
E-mail Address             _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RCVD - USDC COLA SC
OCT 14 '25 PM 2:57

<u>Ubong Christopher Ubokudom</u>

<u>JuJu (minor)</u>
           PLAINTIFF (S)

Civil Complaint
Jury Demanded

VS.
<u>Target Corporation</u>
           DEFENDANT(S)

## CIVIL COMPLAINT

Now comes Ubong Christopher Ubokudom and JuJu (minor) "Plaintiffs", complaining as to Target Corporation "Defendant", as follows:

### NATURE OF ACTION

1. Plaintiffs bring this action pursuant under the 28 U.S.C. § 1332, Elliott-Larsen Civil Rights Act, the South Carolina Code 15-73-10, the South Carolina Equal enjoyment and privileges to Public Accommodations Act, and the Federal Civil Rights act of 1964 (Title II). Plaintiffs believe that, within the last three years, their ability to purchase non-defective items has been limited at Target's 6090A Garner's Ferry Rd., Columbia, SC 29209 and Target's 30020 Grand River Ave, Farmington Hills, MI 48336 locations. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race. Plaintiffs comes now and sues <u>Target Corporation</u> for discrimination, gross negligence and strict liability, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom and JuJu due to the defective state in which, the digiorno pizza was sold by the defendant, for the marketing defect of no warning, or in the alternative, insufficient warning, because Target fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiffs consuming the digiorno pizza sold by the defendant, caused by the fault, or in the alternative, negligence of Target and Target operations in selling and marketing of the defective digiorno pizza that the plaintiff, Ubong Christopher Ubokudom, consumed.

### JURISDICTION AND VENUE

2. Subject jurisdiction is conferred upon this Court by 28 U.S.C. § 1332. This action is of a civil nature and involves a controversy wholly between citizens of two different states.
3. Venue is proper in this Court since the amount in question exceeds $75,000 and the plaintiffs and the defendant are residents of two different states.

1

## PARTIES

4. Plaintiff, Ubong Christopher Ubokudom, is currently a natural person residing in Richland County, South Carolina, and Plaintiff JuJu is a minor.
5. Defendant is a corporation having its principal place of business in Minnesota.
6. At all times relevant to this complaint, the defendant acted through its agents, supervisors, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representative, and insures at all times relevant to the instant action.

## BACKGROUND

7. Plaintiff, Ubong Christopher Ubokudom, states that on or about 3/13/25 he was a customer at Target's 6090A Garner's Ferry Rd., Columbia, SC 29209 location. The plaintiff, Ubong Christopher Ubokudom, purchased digiorno pizza, and he was harmed by the defective items that he consumed. This store is franchised by <u>Target Corporation</u>. Target Corporation shares in the income generated by the sale of foods, drinks, and other products sold at this Target location and shares in the proceeds of the sale of the products that harmed the plaintiff, Ubong Christopher Ubokudom. While shopping at this Target's 6090A Garner's Ferry Rd., Columbia, SC 29209 location and purchasing these defective items, the plaintiff, Ubong Christopher Ubokudom, experienced discrimination because his ability to purchase non-defective items was limited. The plaintiff, Ubong Christpher Ubokudom, should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations. Additionally, plaintiffs believe that, within the last three years, their ability to purchase non-defective items has been limited at Target's 30020 Grand River Ave, Farmington Hills, MI 48336 location. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race. Target shares in the income generated by the sale of food, drinks, and other products sold at this Target location. The plaintiffs experienced discrimination because their options to purchase items that were not defective were limited. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race.

FIRST CLAIM FOR RELIEF:

(Violation of the South Carolina Equal enjoyment and privileges to South Carolina Equal enjoyment and privileges to Public Accommodations Act and Violation of the federal civil rights act of 1964 (Title II) )

8. Plaintiff, Ubong Christopher Ubokudom, believes that within the last three years, when he has shopped at Target's 6090A Garner's Ferry Rd., Columbia, SC 29209 location, Target has deviated from their normal standard customer service practices by intentionally selling defective foods, drinks, and other products to the plaintiff, Ubong Christopher Ubokudom, and limiting his ability to purchase non-defective items because of the plaintiff's race. A few of these items include but are not limited to: digiorno pizza, King's Hawaiian rolls, Perdue Chicken drumsticks, Sara Lee honey wheat bread, Gerber snacks for baby arrowroot biscuits, and Johnson's baby wash.

2

9. The above-described conduct violates the South Carolina Equal enjoyment and privileges to South Carolina Equal enjoyment and privileges to Public Accommodations Act and the Federal Civil Rights Act of 1964 (Title II), which prohibits discrimination in place of public accommodation on the account of race.

10. The plaintiff, Ubong Christopher Ubokudom, experienced discrimination based on his race; the plaintiff, Ubong Christopher Ubokudom, was not ensured with the full enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination.

11. As a result of the above-described discrimination, Ubong Christopher Ubokudom, suffered, continues to suffer, and may permanently suffer from feelings of racial stigmatization, embarrassment, humiliation, anger, indignity, and shame. The conduct of Target Corporation described herein wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others, and defendant should be assessed punitive damages in the amount of $250,000,000.00, in order to deter the defendant and others similarly situated from this and similar kinds of conduct in the future.

SECOND CLAIM FOR RELIEF:

(Violation of the Elliott-Larsen Civil Rights Act and the Federal Civil Rights Act of 1964 (Title II))

12. Plaintiffs believe that within the last three years, when the plaintiffs have shopped at Target's 30020 Grand River Ave, Farmington Hills, MI 48336 location, Target has deviated from its normal standard customer service practices by intentionally limiting the plaintiffs' ability to purchase non-defective products because of the plaintiffs' race. The plaintiffs believe this Target store has engaged in the same misconduct as the Sam's Club on 22500 Eight Mile Rd., Southfield, MI 48033, referenced in the affidavit.

13. Plaintiffs believe many defective items were stored at this Target location and other Target stores with the intention of selling these defective items to the plaintiffs.

14. Some of the defective items include Gatorade sports drinks, Welch's fruit snacks, Sargento mozzarella cheese sticks, Gogo Squeez apple sauce, Oreo cookies, and many other items.

15. The plaintiffs experienced discrimination based on their race; the plaintiffs were not ensured the full enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination.

16. The above-described conduct violates the Elliott-Larsen Civil Rights Act and the Federal Civil Rights Act of 1964 (Title II), which prohibits discrimination in place of public accommodations based on race.

17. As a result of the above-described discrimination, Ubong Christopher Ubokudom and JuJu, suffered, continue to suffer, and may permanently suffer from feelings of racial stigmatization, embarrassment, humiliation, anger, indignity, and shame. The conduct of Target, described herein wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others, and defendant should be assessed punitive damages in the amount of $250,000,000.00, in order to deter the defendant and others similarly situated from this and similar kinds of conduct in the future.

THIRD CLAIM FOR RELIEF

(Violation of the South Carolina Code 15-73-10 )

18.
- A. The digiorno pizza purchased on or about 3/13/25 was defective and unreasonably dangerous. The defendant is liable to the plaintiff, Ubong Christopher Ubokudom, for the physical, emotional, and mental harm that these products caused.
- B. The product in question, digiorno pizza, was and is routinely sold by the defendant, and it reached the plaintiff, Ubong Christopher Ubokudom, in the same condition as it was at the time of sale and it was consumed in the same condition as it was at the time of sale on 3/13/25; the item in question was not expired and the packaging was intact; further, plaintiff, Ubong Christopher Ubokudom, in no way is guilty of any fault and the defendant is strictly liable to the plaintiff, Ubong Christopher Ubokudom, under the South Carolina Code 15-73-10.
- C. The item in question was consumed after following the preparation instructions on the DiGiorno pizza packaging.
- D. The digiorno pizza was defectively manufactured; further, the container that it was sold in had no warnings, or had a lack of warnings, rendering the product defectively marketed; the producing cause of the harm experienced by Ubong Christopher Ubokudom was the exclusive fault of the defendant.
- E. At all material times the defendant was aware of the dangers in selling the product to the plaintiff, Ubong Christopher Ubokudom; they knew of the likely consequences of such acts; they knew of the risks involved and acted with a conscious indifference and willful and wanton disregard for the safety of Ubong Christopher Ubokudom.
- F. The defendant is an expert seller of the digiorno pizza and had a duty to test and inspect the product for unreasonably dangerous conditions, which they either failed to do, or alternatively, which they negligently, or in the alternative, did with malice with complete disregard for the dangers inherent in selling the defective digiorno pizza that caused the physical, emotional, and mental harm experienced by the plaintiff, Ubong Christopher Ubokudom, with the sale of this product.
- G. The defendant could have removed the item so they would not have been purchased, or informed the plaintiff, Ubong Christopher Ubokudom, that this item was defective and it should not be purchased. The defendant failed to remove the item and failed to warn the plaintiff, Ubong Christopher Ubokudom, of the dangers of purchasing the item and consuming it.

19. The defendant is liable for the fault, or in the alternative, the negligence of Target's 6090A Garner's Ferry Rd., Columbia, SC 29209 location because it is a franchisor of Target Corporation stores and it dictates precisely the policies and practices required of all Target Corporation stores in the sale of the products in question, digiorno pizza.

20. On or about 3/13/25 at about 5:00pm the plaintiff, Ubong Christopher Ubokudom, purchased digiorno pizza. After eating the item the plaintiff, Ubong Christopher Ubokudom, developed physical symptoms that were very concerning, which include: dizziness, headaches, chest pain, heart palpitations, abdominal pain, gait instability, severe neck pain, severe neck stiffness, severe muscle contractions, and

4

several other symptoms. The plaintiff, Ubong Christopher Ubokudom, has also experienced psychological damage due to the plaintiff's traumatic experience. The defendant knew these items were defective and intentionally made these items available for the plaintiff, Ubong Christopher Ubokudom, to purchase. The defective item that the plaintiff, Ubong Christopher Ubokudom, ate could have led to his demise and may still lead to chronic disease, paralysis, and a cardiovascular and/or neurovascular event in the future.

21. The plaintiff, Ubong Christopher Ubokudom, further contends that the defendant is liable under the doctrine of negligence for failing to provide the plaintiff with reasonably safe digiorno pizza, and failing to warn him in any efficient manner of the dangers inherent in consuming this item in question.

22. Plaintiffs comes now and sues <u>Target Corporation</u> for discrimination, gross negligence and strict liability, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom and JuJu due to purchasing of the digiorno pizza in the defective state in which it was sold by the defendant, and for the marketing defect of no warning, or in the alternative, insufficient warning, because <u>Target Corporation</u> fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiff, Ubong Christopher Ubokudom and JuJu, consuming the digiorno pizza caused by the fault, or in the alternative, negligence of their operations in selling and marketing of the defective digiorno pizza purchased by the plaintiff, Ubong Christopher Ubokudom, on or about 3/13/25.

23. The Defendant is directly and/ or vicariously liable for the actions of its employees.

24. According to the SC code § 15-73-10,
   1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if

a)The seller is engaged in the business of selling such a product, and
b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
   2) The rule stated in subsection (1) shall apply although
      a) The seller has exercised all possible care in the preparation and sale of his product, and
      b) The user or consumer has not brought the product from or entered into any contractual relation with the seller.

25. The above-described conduct by the defendant violates SC code § 15-73-10.

26. The conduct by the defendant described herein was in wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to the health, safety, and welfare of others, and the defendant should be assessed compensatory and punitive damages in the amount of $250,000,000.00 in order to deter the defendant and others similarly situated from this and similar kinds of conduct in the future.

5

PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs respectfully request judgment as follows:
    a. Awarding Plaintiffs treble and/ or punitive damages.
    b. Awarding plaintiffs nominal damages.
    c. Awarding plaintiffs with an injunctive relief.
    d. Awarding any other relief as this Honorable Court deems just and appropriate, and relief as the interest of justice may require.

When retail stores obstruct a parent's ability to purchase items that are not defective, this can have a grave impact on their children. The plaintiff, Ubong Christopher Ubokudom, used to shop at the defendant's stores with his daughter before he recognized his options were limited to defective items. While shopping at the defendant's stores, the plaintiff's daughter would often ask him to buy certain items. The plaintiff would like to be able to shop at the defendant's stores again with his daughter, and most importantly, the plaintiff, Ubong Christopher Ubokudom, would like to be able to purchase items that are not defective at the defendant's stores that will not be dangerous and detrimental to his daughter's health.

We believe, because of the above information, that we, the plaintiffs, are entitled to and do request a judgment for $ 750, 000, 000.00 plus all general and equitable relief as allowed by law, and all costs of court, plus both pre-judgement and post-judgement interest allowed by law and an injunction to immediately stop the conduct that is causing harm. These defective products could have led to the demise of JuJu and Ubong Christopher Ubokudom, and they may still lead to chronic disease, paralysis, and a cardiovascular and/or neurovascular event in the future for the plaintiffs. We believe this judgment will help to deter corporations in the future from recklessly harming and destroying the lives of individuals, families, and communities.

<u>Plaintiff prays that the court enter an order:</u>

2. Declaring that the Defendants, together with their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are **ENJOINED AND RESTRAINED** from discriminating against Plaintiffs on the basis of race, including but not limited to **limiting, restricting, or otherwise interfering with Plaintiffs' ability to purchase non-defective and reasonably safe products on the same terms and conditions as other customers.**

3. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **further ENJOINED** from engaging in any act or practice that, on the basis of race, denies or abridges any rights secured by:

   o **Title II of the Civil Rights Act of 1964**, 42 U.S.C. § 2000a et seq.;

   o The **Elliott–Larsen Civil Rights Act**, Mich. Comp. Laws § 37.2101 et seq.; and

6

- The **South Carolina Equal Enjoyment and Privileges to Public Accommodations Act.**

4. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **further ENJOINED** from engaging in any act or practice that violates:

- **S.C. Code § 15-73-10**; and

- **Mich. Comp. Laws §§ 750.436, 750.91, 600.2949a, and 289.111**.

5. Defendants, their employees, agents, successors, and all other persons in active concert or participation with them, are **ORDERED to take such affirmative steps as may be necessary to remedy the effects of past unlawful conduct and to prevent the recurrence of discriminatory conduct in the future.**

A TRIAL BY JURY DEMANDED

The information provided in this document is true to the best of my knowledge. I have personal knowledge of the facts stated herein and can testify to their truthfulness. My truth is all I have to protect my daughter; this truth, in addition to the honesty and empathy of others, I hope will eventually lead to an injunctive relief that she so desperately needs and deserves.

Signed this the 14 of October, 2025.

Dated: 10/14/25

Signature of Plaintiff (or his attorney)
Ubong Ubokudom
P.O. Box 1594
Columbia, SC 29202

NOTARY PUBLIC

Sworn to and subscribed before me, this the 14 of October, 2025.

Notary Public Signature: _____

My Commission Expires: 6/15/35

LANDON HORTON
Notary Public-State of South Carolina
My Commission Exp:
June 15, 2035

State of South Carolina
County of Richland
On this 14 day of October, 2025, before me personally appeared Ubong Ubokudom, who provided satisfactory evidence of his/her identification to be the person whose name is subscribed to this instrument and he/she acknowledged that he/she executed the foregoing instrument by his/her signature here.

Document Holder's Signature

7